1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

ALIDA ZOBIEDA MARTINEZ, as
Guardian Ad Litem for M.G.G., a
minor,

           Plaintiff,

    v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,[1/]

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. ED CV 12-0564 JCG


**MEMORANDUM OPINION AND
ORDER**

19
20
21
22
23
24

      Alida Zobieda Martinez ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for supplemental security income on behalf of her minor daughter, M.G.G.  Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in concluding that the minor did not meet Listing 114.02(A) for her systemic lupus erythematosus ("SLE").  (*See* Joint Stip. at 3-10.)  The Court addresses – and rejects – Plaintiff's contention below.

25
26

      Following a hearing at which the minor testified on her own behalf, the ALJ

27
28

---

   [1/]  Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R. Civ. P. 25(d).

1   issued a written decision denying benefits.  The ALJ found that the minor suffered

2   from the severe impairments of SLE and scleroderma but that her condition did not

3   meet Listing 114.02.  (Administrative Record ("AR") at 15.)  Essentially, the ALJ

4   concluded that the record evidenced a significant improvement of the minor's

5   condition after her initial diagnosis and that she did not maintain symptoms at a

6   listing level severity.  (*Id.* at 16-18.)

7        "An individual under the age of 18 shall be considered disabled . . . if that

8   individual has a medically determinable physical or mental impairment, which

9   results in marked and severe functional limitations, and which can be expected to

10  result in death or which has lasted or can be expected to last for a continuous period

11  of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  If a plaintiff establishes

12  that she suffers from a "severe" impairment, or combination of "severe"

13  impairments, that meets or equals a listed impairment as set forth in 20 C.F.R. Pt.

14  404, Subpt. P, Appendix 1, she is deemed disabled.  *See* 20 C.F.R. §§

15  404.1520(a)(4)(iii), (d); 416.924(d)(1).

16       The plaintiff's impairments need not precisely meet the criteria of the Listing

17  in order to obtain benefits.  If the plaintiff's impairment or combination of

18  impairments is medically equivalent to one in the Listing, disability is presumed and

19  benefits are awarded.  20 C.F.R. §§ 416.924(a), 416.924(d)(1).  Medical equivalence

20  will be found if the medical findings are at least equal in severity and duration to the

21  listed findings.  *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990).  To determine

22  medical equivalence, the Commissioner compares the findings concerning the

23  alleged impairment with the medical criteria of the listed impairment.  20 C.F.R. §§

24  416.924(e), 416.926.

25       The plaintiff has the burden to prove that she has an impairment that meets or

26  equals the criteria listed in Appendix 1.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

27  Cir. 2005).  This burden requires a showing that the plaintiff has an impairment

28  listed in the regulations, and that she has met the duration requirement.  *See* 20

2

1    C.F.R. §§ 416.924(a), 416.924(d)(2).  "Impairments that can be controlled

2    effectively with medication are not disabling for the purpose of determining

3    eligibility for [supplemental security income] benefits."  *Warre v. Commissioner of*

4    *Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

5         Listing 114.02(A) defines the listing level severity for SLE in a child as

6    follows:

7         A.  Involvement of two or more organs/body systems, with:

8         1.  One of the organs/body systems involved to at least a moderate level

9         of severity; and

10         2.  At least two of the constitutional symptoms or signs (severe fatigue,

11         fever, malaise, or involuntary weight loss).

12    20 C.F.R. Pt. 404, Subpt. P, App. 1, § 114.02(A).

13         Even accepting Plaintiff's assertion, with respect to subsection 1, that the

14    minor's SLE involves her kidneys and skin and that her skin is involved to a

15    moderate level of severity, (Joint Stip. at 7), the record does not support a finding,

16    pursuant to subsection 2, that the minor has suffered at least two of the constitutional

17    symptoms or signs, *i.e.*, severe fatigue, fever, malaise, or involuntary weight loss, for

18    more than brief periods.  Certainly, the record does not show that the minor's

19    symptoms meet, or are expected to meet, the subsection 2 criteria for the requisite

20    12-month period.

21         For example, on April 22, 2009, the minor presented to the emergency room

22    with a rash and fever.  She was admitted to the hospital for treatment where she

23    underwent a rheumatology consultation.  (AR at 207-35.)  On April 27, 2009, the

24    minor was diagnosed with "SLE/scleroderma overlap."  (*Id.* at 233.)  She was placed

25    on a medication regimen but continued to suffer symptoms into May 2009.  (*Id.* at

26    182-200, 247-55.)  On June 11, 2009, the minor reported moderate fatigue, but her

27    skin and hair were improving.  (*Id.* at 717.)

28         Thereafter, the minor continued medication and began to show some

improvement; she no longer had a fever, some of her skin lesions were healing, she was beginning to get hair regrowth on her scalp, and she had good energy. (*Id.* at 256, 718.) Although she was diagnosed with stage 2 nephritis during this time period, (*id.* at 258), the minor improved significantly as of August 20, 2009. (*Id.* at 288, 293, 727.)

In early September 2009, the minor presented with a fever, rash, and headache. (*Id.* at 294, 296, 328-29, 741-51.) Yet, by October 22, 2009, her energy level was good, she was sleeping well, and her headaches had resolved. (*Id.* at 305-06, 755.) Her condition continued to improve from November 2009 to July 2010. (*Id.* at 308-09, 765, 770-71, 776, 781, 786-87.)

On August 17, 2010, the minor experienced a flare up of her condition after being exposed to the sun. (*Id.* at 790.) However, she was already improving by August 26, 2010. (*Id.* at 794.) On September 9, 2010, the latest date for which there appears a treatment note in the record, the minor showed improvement from her flare up, her energy was good, and she was eating well. (*Id.* at 795.)

In sum, this medical evidence shows that the minor suffered from periodic fevers during the initial onset of her disease and during two slight flare ups, but that she did not suffer fevers for any prolonged period of time. In fact, between June 2009 and September 9, 2010, the minor experienced just two incidents of fever and improved quickly each time. (*Id.* at 294, 296, 328-29, 741-51, 790.)

There is even less evidence in the medical record to show that the minor suffered from severe fatigue, malaise, or involuntary weight loss. While there are intermittent reports of fatigue, it cannot be disputed that the majority of the treatment notes reflect that the minor had good energy levels, particularly after she improved from the initial onset of her disease. Even shortly after her last flare up, her energy was reportedly good. (*Id.* at 795.) Moreover, there is no indication in the record that the minor suffered involuntary weight loss. In fact, on May 20, 2010, the minor reported that she had been trying to *lose* weight. (*Id.* at 781.) This evidence simply

1   does not support a finding that the minor suffered from two of the constitutional

2   symptoms or signs, *i.e.*, severe fatigue, fever, malaise, or involuntary weight loss.[2]

3          Moreover, even if there were merit to Plaintiff's contention that the ALJ failed

4   to properly consider the minor's subjective complaints, the Court's conclusion

5   remains unchanged.  (Joint Stip. at 4, 9.)  In particular, the minor testified at the

6   hearing before the ALJ that "sometimes" she feels weak and tired, but that these

7   symptoms only occur on "some days."  (AR at 40.)  Moreover, she explained that

8   she feels tired four days a week but only has to lie down and sleep two days a week.

9   (*Id.* at 40-41.)  Nor did she explain how long she had to sleep during these episodes.

10  She further testified that she stays home after school, but only because she cannot be

11  exposed to sunlight.  (*Id.* at 34.)  The minor also testified that she misses school

12  rather frequently, but blamed this on her headaches rather than any enumerated

13  constitutional symptoms.  She also explained that she recently had been treated in

14  the hospital, but only for her headaches.  (*Id.* at 35-37.)  This testimony might

15  support a finding that the minor suffers from some level of fatigue and requires

16  periodic rest, but it does not support a finding that she suffers from severe fatigue or

17  malaise.[3]

18         Finally, the Court has considered whether any or all of the evidence discussed

19  

20  [2]  Plaintiff argues that the ALJ erred by relying on the opinion of an agency
    reviewing physician because that physician did not possess all of the minor's
21  medical records for review.  (Joint Stip. at 5-6.)  However, Plaintiff admits that the
22  physician had the medical records from April 22, 2009 to July 19, 2009.  (*Id.* at 5.)
    Significantly, during this period, the minor suffered the most significant symptoms.
23  The medical record after this period simply shows continued improvement with very
24  brief flare ups.

25  [3]  Plaintiff also contends that the ALJ failed to consider her own statements with
26  respect to the minor's impairments.  (Joint Stip. at 4, 9.)  However, Plaintiff does not
    cite to any material statements by her and, although it appears that Plaintiff
27  completed the social security forms for the minor, those forms do not contain any
28  material statements by her regarding the minor's condition.

1 above supports a finding that the minor's symptoms are medically equivalent to the

2 Listing in question.  In particular, the Court notes the minor's complaints of

3 headaches.  However, even if the Court credited her headaches as equivalent to one

4 of the constitutional symptoms, the record does not support a finding that the minor

5 continuously suffered from a second constitutional symptom.

6 Accordingly, the Court finds that substantial evidence supported the ALJ's

7 decision that Plaintiff was not disabled.  *See Mayes v. Massanari*, 276 F.3d 453,

8 458-59 (9th Cir. 2001).

9 Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

10 **AFFIRMING** the decision of the Commissioner denying benefits.

11

12 Dated:  August 21, 2013

13 _____

14 Hon. Jay C. Gandhi

15 United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28