**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALIDA ZOBIEDA MARTINEZ, as Guardian Ad Litem for M.G.G., a minor,

Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/]

Defendant.

Case No. ED CV 12-0564 JCG

**MEMORANDUM OPINION AND ORDER**

Alida Zobieda Martinez ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for supplemental security income on behalf of her minor daughter, M.G.G. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in concluding that the minor did not meet Listing 114.02(A) for her systemic lupus erythematosus ("SLE"). (*See* Joint Stip. at 3-10.) The Court addresses – and rejects – Plaintiff's contention below.

Following a hearing at which the minor testified on her own behalf, the ALJ

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

issued a written decision denying benefits. The ALJ found that the minor suffered from the severe impairments of SLE and scleroderma but that her condition did not meet Listing 114.02. (Administrative Record ("AR") at 15.) Essentially, the ALJ concluded that the record evidenced a significant improvement of the minor's condition after her initial diagnosis and that she did not maintain symptoms at a listing level severity. (*Id.* at 16-18.)

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). If a plaintiff establishes that she suffers from a "severe" impairment, or combination of "severe" impairments, that meets or equals a listed impairment as set forth in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, she is deemed disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.924(d)(1).

The plaintiff's impairments need not precisely meet the criteria of the Listing in order to obtain benefits. If the plaintiff's impairment or combination of impairments is medically equivalent to one in the Listing, disability is presumed and benefits are awarded. 20 C.F.R. §§ 416.924(a), 416.924(d)(1). Medical equivalence will be found if the medical findings are at least equal in severity and duration to the listed findings. *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner compares the findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

The plaintiff has the burden to prove that she has an impairment that meets or equals the criteria listed in Appendix 1. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). This burden requires a showing that the plaintiff has an impairment listed in the regulations, and that she has met the duration requirement. *See* 20

C.F.R. §§ 416.924(a), 416.924(d)(2). "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [supplemental security income] benefits." *Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Listing 114.02(A) defines the listing level severity for SLE in a child as follows:

A. Involvement of two or more organs/body systems, with:

1. One of the organs/body systems involved to at least a moderate level of severity; and

2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 114.02(A).

Even accepting Plaintiff's assertion, with respect to subsection 1, that the minor's SLE involves her kidneys and skin and that her skin is involved to a moderate level of severity, (Joint Stip. at 7), the record does not support a finding, pursuant to subsection 2, that the minor has suffered at least two of the constitutional symptoms or signs, *i.e.*, severe fatigue, fever, malaise, or involuntary weight loss, for more than brief periods. Certainly, the record does not show that the minor's symptoms meet, or are expected to meet, the subsection 2 criteria for the requisite 12-month period.

For example, on April 22, 2009, the minor presented to the emergency room with a rash and fever. She was admitted to the hospital for treatment where she underwent a rheumatology consultation. (AR at 207-35.) On April 27, 2009, the minor was diagnosed with "SLE/scleroderma overlap." (*Id.* at 233.) She was placed on a medication regimen but continued to suffer symptoms into May 2009. (*Id.* at 182-200, 247-55.) On June 11, 2009, the minor reported moderate fatigue, but her skin and hair were improving. (*Id.* at 717.)

Thereafter, the minor continued medication and began to show some

improvement; she no longer had a fever, some of her skin lesions were healing, she was beginning to get hair regrowth on her scalp, and she had good energy. (*Id.* at 256, 718.) Although she was diagnosed with stage 2 nephritis during this time period, (*id.* at 258), the minor improved significantly as of August 20, 2009. (*Id.* at 288, 293, 727.)

In early September 2009, the minor presented with a fever, rash, and headache. (*Id.* at 294, 296, 328-29, 741-51.) Yet, by October 22, 2009, her energy level was good, she was sleeping well, and her headaches had resolved. (*Id.* at 305-06, 755.) Her condition continued to improve from November 2009 to July 2010. (*Id.* at 308-09, 765, 770-71, 776, 781, 786-87.)

On August 17, 2010, the minor experienced a flare up of her condition after being exposed to the sun. (*Id.* at 790.) However, she was already improving by August 26, 2010. (*Id.* at 794.) On September 9, 2010, the latest date for which there appears a treatment note in the record, the minor showed improvement from her flare up, her energy was good, and she was eating well. (*Id.* at 795.)

In sum, this medical evidence shows that the minor suffered from periodic fevers during the initial onset of her disease and during two slight flare ups, but that she did not suffer fevers for any prolonged period of time. In fact, between June 2009 and September 9, 2010, the minor experienced just two incidents of fever and improved quickly each time. (*Id.* at 294, 296, 328-29, 741-51, 790.)

There is even less evidence in the medical record to show that the minor suffered from severe fatigue, malaise, or involuntary weight loss. While there are intermittent reports of fatigue, it cannot be disputed that the majority of the treatment notes reflect that the minor had good energy levels, particularly after she improved from the initial onset of her disease. Even shortly after her last flare up, her energy was reportedly good. (*Id.* at 795.) Moreover, there is no indication in the record that the minor suffered involuntary weight loss. In fact, on May 20, 2010, the minor reported that she had been trying to *lose* weight. (*Id.* at 781.) This evidence simply

does not support a finding that the minor suffered from two of the constitutional symptoms or signs, *i.e.*, severe fatigue, fever, malaise, or involuntary weight loss.[2/]

Moreover, even if there were merit to Plaintiff's contention that the ALJ failed to properly consider the minor's subjective complaints, the Court's conclusion remains unchanged. (Joint Stip. at 4, 9.) In particular, the minor testified at the hearing before the ALJ that "sometimes" she feels weak and tired, but that these symptoms only occur on "some days." (AR at 40.) Moreover, she explained that she feels tired four days a week but only has to lie down and sleep two days a week. (*Id.* at 40-41.) Nor did she explain how long she had to sleep during these episodes. She further testified that she stays home after school, but only because she cannot be exposed to sunlight. (*Id.* at 34.) The minor also testified that she misses school rather frequently, but blamed this on her headaches rather than any enumerated constitutional symptoms. She also explained that she recently had been treated in the hospital, but only for her headaches. (*Id.* at 35-37.) This testimony might support a finding that the minor suffers from some level of fatigue and requires periodic rest, but it does not support a finding that she suffers from severe fatigue or malaise.[3/]

Finally, the Court has considered whether any or all of the evidence discussed

---

[2/] Plaintiff argues that the ALJ erred by relying on the opinion of an agency reviewing physician because that physician did not possess all of the minor's medical records for review. (Joint Stip. at 5-6.) However, Plaintiff admits that the physician had the medical records from April 22, 2009 to July 19, 2009. (*Id.* at 5.) Significantly, during this period, the minor suffered the most significant symptoms. The medical record after this period simply shows continued improvement with very brief flare ups.

[3/] Plaintiff also contends that the ALJ failed to consider her own statements with respect to the minor's impairments. (Joint Stip. at 4, 9.) However, Plaintiff does not cite to any material statements by her and, although it appears that Plaintiff completed the social security forms for the minor, those forms do not contain any material statements by her regarding the minor's condition.

above supports a finding that the minor's symptoms are medically equivalent to the Listing in question. In particular, the Court notes the minor's complaints of headaches. However, even if the Court credited her headaches as equivalent to one of the constitutional symptoms, the record does not support a finding that the minor continuously suffered from a second constitutional symptom.

Accordingly, the Court finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: August 21, 2013

Hon. Jay C. Gandhi
United States Magistrate Judge